### STATE *v.* MOULTON.

The provisions of section 22, chapter 209 General Statutes, are not to be applied to criminal trials.

APPEAL from the judgment of a justice of the peace, on a complaint for an assault and battery on Nathaniel B. Keniston.

It appeared that the defendant's wife was present at the time and place when and where the alleged assault and battery was alleged to have been committed.  The defendant offered her as a witness, to which the State objected.  The court ruled against her admission as a witness, to which the defendant excepted.  The jury returned a verdict of guilty.

The questions arising on the case were reserved.

*Ray, Solicitor,* and *Ladd,* for State.

*Fletcher & Haywood* and *Burns* for respondent.

SARGENT J. Were the provisions of section 22, chapter 209 General Statutes, intended for application to criminal cases or to the trial of civil causes only?

It was held in *State* v. *Flanders*, 38 N. H. 324, and in *State* v. *Connell*, 38 N. H. 81, that although the language in the statute of 1858 was broad enough in terms, in connection with the law of 1857, making parties witnesses, to include criminal as well as civil cases, yet that it could not have been the intention of the legislature to have made so broad an application, and the law is construed as having reference only to civil causes.

The provisions of chapter 209 from section 13 to section 23 inclusive, relate to the qualification of witnesses. Section 13 is confined in terms to " any civil cause." Sections 14, 15, 16, 17, 18 and 19 of the same chapter were evidently never intended to apply save to civil causes. Section 20 is limited in its application to four distinct classes of cases, all of which are and must be civil causes. Section 21 contains a limitation upon the provisions of section 20. And when it is said in section 22 that the wife may testify for the husband, or the husband for the wife, in any case where it appears to the court that their examination as witnesses upon the points to which their testimony is offered would not lead to the violation of marital confidence, we must understand the expression " in any case" to mean in any of the cases treated of in the preceding sections, which are all civil causes.

We cannot suppose that the legislature intended to give the husband or the wife the privilege of swearing for each other in any and all criminal cases, until they should give the respondent the right and privilege of testifying for himself, if he so elect, which had not been done when these General Statutes were passed.

This being the conclusion upon this point, it becomes unnecessary to consider the other point raised in the argument, viz : as to whether the examination of the wife in this case would lead to any violation of marital confidence.

*Judgment on the verdict.*